**Ex parte Samuel GUERRERO.**

**No. 14–02–01020–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 2003.

---

Sandy Melamed, Houston, for appellants.

Julie Klibert, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

## MEMORANDUM OPINION

PER CURIAM.

Appellant is charged in trial court cause number 921,253 with the offense of possession with intent to deliver a controlled substance, namely cocaine. The trial court set pre-trial bond at $400,000.00. On September 3, 2002, appellant filed a pre-trial application for writ of habeas corpus seeking a bond reduction. After a hearing on September 25, 2002, the trial court lowered the pre-trial bond to $100,000.00. That same day, appellant filed a notice of appeal. On September 27, 2002, the trial court appointed counsel, Sandy Melamed, to represent appellant on appeal. On January 16, 2003, appellant's counsel filed a brief claiming the trial court "committed reversible error in setting appellant's pretrial bail at $100,000."

 On February 12, 2003, the State filed a motion to dismiss the appeal as moot. According to the State's motion, on October 4, 2002, the trial court further reduced the bond to $25,000.00. On October 5, 2002, appellant posted bond and was released. In support of the motion, the State filed a supplemental clerk's record containing the trial court's order reducing bond to $25,000.00, and the bond posted by appellant on October 5, 2002. Thus, the State argues, the appeal is moot. We agree.

 The longstanding rule in Texas regarding habeas corpus is that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex.App.-Houston [14th Dist.] 1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston [14th Dist.] 1990, no pet.)). Accordingly, we dismiss appellant's appeal as moot.[1]

---

1. On October 5, 2002, the date appellant posted bond and was released, this appeal became moot. Accordingly, we strongly question appointed counsel's decision to file a brief on January 16, 2003, challenging the trial court's order setting bond at $100,000.00 when the record clearly establishes that bond was reduced to $25,000.00 and appellant was released more than three months before the brief was filed.