In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00223-CR


______________________________




TOMMY PERKINS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 14524




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Tommy Perkins appeals the trial court's denial of Perkins' request for appointment of counsel
for post-conviction DNA (1) testing under Chapter 64 of the Texas Code of Criminal Procedure. We
dismiss the appeal as moot.

 A jury convicted Perkins of capital murder and sentenced him to imprisonment for life. 
Perkins v. State, 887 S.W.2d 222, 223 (Tex. App.-Texarkana 1994, pet. ref'd). On appeal, this Court
affirmed Perkins' conviction. Id. at 227. On October 31, 2002, Perkins filed a request with the trial
court for appointment of counsel for post-conviction DNA testing. See Tex. Code Crim. Proc.
Ann. art. 64.01 (Vernon Supp. 2003). He simultaneously filed an affidavit of indigency. The
motion was presented to the trial court on November 11, 2002. The trial court denied Perkins'
motion for appointment of counsel the following day. On March 17, 2003, however, the trial court
reversed its earlier decision and appointed Gary Young as counsel for the purpose of assisting
Perkins in pursuing post-conviction DNA testing. Perkins' appeal concerns the trial court's initial
denial of his motion for appointment of counsel.

 A convicted person may submit to the convicting court a motion for forensic DNA
testing of evidence containing biological material. The motion must be accompanied
by an affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion. 


 . . . . 


 A convicted person is entitled to counsel during a proceeding under this chapter. If
a convicted person informs the convicting court that the person wishes to submit a
motion under this chapter and if the court determines that the person is indigent, the
court shall appoint counsel for the person.


Tex. Code Crim. Proc. Ann. art. 64.01. 

 The record before us shows the trial court has appointed counsel for Perkins. See Tex. Code
Crim. Proc. Ann. art. 64.01(c). This case no longer presents a legal controversy and should be
dismissed. Cf. Ex parte Guerrero, 99 S.W.3d 852 (Tex. App.-Houston [14th Dist.] 2003, pet. filed)
(where record established relief sought on appeal had been granted by trial court, issue was moot and
dismissal was proper).

 Accordingly, we dismiss the appeal as moot.




 Jack Carter

 Justice


Date Submitted: April 29, 2003

Date Decided: April 30, 2003


Do Not Publish
1. DNA stands for deoxyribonucleic acid, "a nucleic acid that constitutes the genetic material
of all cellular organisms and the DNA viruses." Dorland's Illustrated Medical Dictionary
447 (27th ed. 1988).



0; We dismiss the appeal for want of jurisdiction. 
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          March 2, 2004
Date Decided:             March 3, 2004

Do Not Publish