COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-296-CR

EX PARTE TILON LASHON CARTER 

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant Tilon Lashon Carter was charged with capital murder, and the State indicated that it would seek the death penalty.  Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of article 37.071 of the Texas Code of Criminal Procedure.  In his application, he claimed that he is mentally retarded and because the statute does not preclude the execution of a mentally retarded person, the statute is unconstitutional.  Accordingly, Appellant requested that the State be barred from seeking the death penalty against him.  The trial court granted the writ, held a hearing, and on August 21, 2006 denied the relief sought.  Appellant filed a notice of appeal and the trial court certified that the Appellant has the right of appeal.  The parties filed appellate briefs and the case was set for submission in this court on November 29, 2006.  On November 21, 2006, the State filed a motion to dismiss the appeal as moot because on November 15, 2006, the case was tried to a jury which returned a sentence of death against Appellant.
(footnote: 2)  Although the certificate of conference reflects that Appellant’s counsel opposes the motion, counsel has not filed a response thereto.

Because Appellant was tried during the pendency of this appeal, the requested relief sought by Appellant in his application for writ of habeas corpus is now moot.  
See  Ex parte Tucker
, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999); 
Ex parte Guerrero
, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (noting that the longstanding rule in Texas regarding a pretrial writ of habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot).  Therefore, we GRANT the State’s motion to dismiss.  This appeal is dismissed as moot.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  December 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The judgment of conviction and sentence of death shall be subject to automatic review by the Texas Court of Criminal Appeals.  
Tex. Code Crim. Proc. Ann.
 art. 4.04, § 2 (Vernon 2005); art. 37.071, § 2(h) (Vernon 2006).