COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-296-CR

 

 

EX PARTE TILON LASHON CARTER                                                        

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

 

                                              ------------








Appellant Tilon Lashon Carter
was charged with capital murder, and the State indicated that it would seek the
death penalty.  Appellant filed a
pretrial application for writ of habeas corpus challenging the constitutionality
of article 37.071 of the Texas Code of Criminal Procedure.  In his application, he claimed that he is
mentally retarded and because the statute does not preclude the execution of a
mentally retarded person, the statute is unconstitutional.  Accordingly, Appellant requested that the
State be barred from seeking the death penalty against him.  The trial court granted the writ, held a
hearing, and on August 21, 2006 denied the relief sought.  Appellant filed a notice of appeal and the
trial court certified that the Appellant has the right of appeal.  The parties filed appellate briefs and the
case was set for submission in this court on November 29, 2006.  On November 21, 2006, the State filed a
motion to dismiss the appeal as moot because on November 15, 2006, the case was
tried to a jury which returned a sentence of death against Appellant.[2]  Although the certificate of conference
reflects that Appellant=s counsel
opposes the motion, counsel has not filed a response thereto.








Because Appellant was tried
during the pendency of this appeal, the requested relief sought by Appellant in
his application for writ of habeas corpus is now moot.  See 
Ex parte Tucker, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999); Ex
parte Guerrero, 99 S.W.3d 852, 853 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (noting that the longstanding rule
in Texas regarding a pretrial writ of habeas corpus is that where the premise
of a habeas corpus application is destroyed by subsequent developments, the
legal issues raised thereunder are moot). 
Therefore, we GRANT the State=s motion to dismiss.  This
appeal is dismissed as moot.

                                                    

PER CURIAM

 

PANEL B: 
HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 14, 2006











[1]See Tex.
R. App. P. 47.4.





[2]The judgment of conviction and
sentence of death shall be subject to automatic review by the Texas Court of
Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 4.04, ' 2 (Vernon 2005); art. 37.071, ' 2(h) (Vernon 2006).