02-11-075-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00075-CR

 

 


 
 
 Ex parte Michael Anthony Foster
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Pending
retrial on charges of injury to a child–serious bodily injury, Appellant
Michael Anthony Foster appealed pro se from the trial court’s denial of his
pretrial application for writ of habeas corpus.[2]  In his habeas
application and on appeal, Appellant sought to reduce his $35,000 bail and to
obtain release from custody from “day to day” to investigate and prepare his
case for his upcoming trial.

During
the pendency of this appeal, and after this court requested and the parties
provided briefs on the issues, the State filed a motion to dismiss the appeal
as moot because a jury convicted Appellant of knowingly causing serious bodily
injury to a child younger than fifteen years of age by omission.[3] 
The trial court subsequently sentenced Appellant to life in prison and entered
judgment on November 30, 2011.[4]  Because Appellant’s
challenges to his pretrial confinement have been rendered moot by his
subsequent conviction and life sentence, we grant the State’s motion.  See
Ex parte Tucker, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) (“The appellant
having been tried during the pendency of this appeal, the question of his pre-trial
bond is moot.”); Ex parte Guerrero, 99 S.W.3d 852, 853 (Tex.
App.—Houston [14th Dist.] 2003, no pet.) (noting longstanding Texas rule that
when premises of pretrial habeas application are destroyed by subsequent
developments, the legal issues raised therein are moot); see also Ex
parte Krick, No. 02-10-00408-CR, 2011 WL 1901990, at *1 (Tex. App.—Fort
Worth May 19, 2011, no pet.) (mem. op., not designated for publication).

Also
pending before the court are the State’s motion to supplement the appellate
record, Appellant’s objection to the State’s first motion for extension of time
for filing its brief, and Appellant’s request for judgment.  Because we are
dismissing the appeal, we deny each of these motions as moot.

Accordingly,
we grant the State’s motion to dismiss, deny all pending motions as moot, and  dismiss
the appeal as moot.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER, MCCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: January 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]In 2009, a jury found
Appellant guilty, and the trial court sentenced him to fifty years in prison.  On
direct appeal, Appellant’s case was transferred to Amarillo, and the court of
appeals reversed Appellant’s conviction and remanded for a new trial based on a
violation of Appellant’s right to self-representation.  See Foster v.
State, No. 07-10-00030-CR, 2010 WL 3270226, at *1 (Tex. App.—Amarillo Aug.
18, 2010, no pet.) (mem. op., not designated for publication).





[3]Appellant did not file a
response to the State’s motion to dismiss.





[4]Appellant has filed a
notice of appeal from that judgment.