

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00075-CR

EX PARTE MICHAEL ANTHONY
FOSTER

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pending retrial on charges of injury to a child–serious bodily injury, Appellant Michael Anthony Foster appealed pro se from the trial court's denial of his pretrial application for writ of habeas corpus.[2]  In his habeas application and

---

[1]*See* Tex. R. App. P. 47.4.

[2]In 2009, a jury found Appellant guilty, and the trial court sentenced him to fifty years in prison.  On direct appeal, Appellant's case was transferred to Amarillo, and the court of appeals reversed Appellant's conviction and remanded for a new trial based on a violation of Appellant's right to self-representation.  *See Foster v. State*, No. 07-10-00030-CR, 2010 WL 3270226, at *1 (Tex. App.— Amarillo Aug. 18, 2010, no pet.) (mem. op., not designated for publication).

on appeal, Appellant sought to reduce his $35,000 bail and to obtain release from custody from "day to day" to investigate and prepare his case for his upcoming trial.

During the pendency of this appeal, and after this court requested and the parties provided briefs on the issues, the State filed a motion to dismiss the appeal as moot because a jury convicted Appellant of knowingly causing serious bodily injury to a child younger than fifteen years of age by omission.[3] The trial court subsequently sentenced Appellant to life in prison and entered judgment on November 30, 2011.[4] Because Appellant's challenges to his pretrial confinement have been rendered moot by his subsequent conviction and life sentence, we grant the State's motion. *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (noting longstanding Texas rule that when premises of pretrial habeas application are destroyed by subsequent developments, the legal issues raised therein are moot); *see also Ex parte Krick*, No. 02-10-00408-CR, 2011 WL 1901990, at *1 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op., not designated for publication).

---

[3]Appellant did not file a response to the State's motion to dismiss.

[4]Appellant has filed a notice of appeal from that judgment.

Also pending before the court are the State's motion to supplement the appellate record, Appellant's objection to the State's first motion for extension of time for filing its brief, and Appellant's request for judgment. Because we are dismissing the appeal, we deny each of these motions as moot.

Accordingly, we grant the State's motion to dismiss, deny all pending motions as moot, and dismiss the appeal as moot.


ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 5, 2012