**Opinion issued December 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00939-CR

———————————

## EX PARTE ANDRES C. MACIAS, Appellant

---

## On Appeal from the 180th District Court
## Harris County, Texas
## Trial Court Cause No. 1483447

---

## MEMORANDUM OPINION

Appellant, Andres C. Macias, was indicted in the trial court cause number 1482777 for the first-degree felony offense of possession with intent to deliver a controlled substance, namely, cocaine, weighing at least 400 grams, specifically 4,947 grams with a street value of $497,000. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (f) (West Supp. 2014). On September 25, 2015, the trial court

set pre-trial bond at $1,000,000. On September 30, 2015, appellant filed a pre-trial application for a writ of habeas corpus, which was assigned underlying trial court cause number 1483447. Appellant sought a bond reduction in trial court cause number 1482777 to $50,000 or to a reasonable amount. *See* TEX. CODE CRIM. PROC. ANN. art. 11.24 (West Supp. 2014).

After a writ hearing held on October 14, 2015, the trial court granted appellant habeas relief by lowering the pre-trial bond to $350,000, and signed a judgment. On October 22, 2015, appellant timely filed a notice of appeal of the judgment, claiming that the trial court erred in reducing his bond to $350,000, because he had requested a lower amount and requesting that the bond should be further reduced to $100,000. *See* TEX. R. APP. P. 26.2(a)(1), 31.1. On October 26, 2015, the trial court certified that this was not a plea-bargain case and that appellant had the right of appeal. *See id.* 25.2(a)(2), (d).

On November 18, 2015, appellant filed a motion to dismiss his appeal, contending that, because he has since posted the $350,000 bail in trial court cause number 1482777 after filing his notice of appeal, this appeal has now been rendered moot. *See* TEX. R. APP. P. 42.2(a). The trial clerk filed a supplemental clerk's record in this Court on November 24, 2015, which attached appellant's bail bond, filed on November 4, 2015, confirming that it was paid.

"The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (internal quotation marks and citation omitted) (mem. op.) (granting State's motion to dismiss appeal of pre-trial habeas application seeking a bond reduction after appellant posted bond and was released). Also, though appellant's motion to dismiss does not contain a certificate of conference, the motion has been on file with the Court for more than ten days with no response filed, no opinion has issued, and the motion is signed by both the appellant and his counsel. *See* TEX. R. APP. P. 10.3(a)(2), 42.2(a).

Accordingly, we grant the motion and dismiss the appeal. *See* TEX. R. APP. P. 42.2(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).