

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00353-CR

EX PARTE VINCENT PAUL
MARTINEZ

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR-18171

----------

## MEMORANDUM OPINION[1]

----------

Appellant Vincent Paul Martinez appeals the trial court's order denying relief on his pretrial petition for writ of habeas corpus. We affirm.

### Background Facts

In December 2014, a Wise County grand jury indicted appellant with indecency with a child by contact.[2] Appellant posted bail and was released from

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 21.11(a)(1) (West 2011).

confinement. The trial court imposed several conditions on appellant's bond, including that he was to

> have no contact with **minor children** under 17 years of age in any form including, but not limited to written, personal, phone, [F]acebook, text, or social network contact and/or any contact through third parties. Defendant shall not pass by premises where children commonly gather, including schools, day-care facilities, play-grounds, public or private youth centers, public swimming pools, parks, and/or areas of recreation for children. Any such contact must be approved by the . . . Adult Probation Officer.

On December 16, 2014, appellant signed the order that imposed this condition.[3] He did not object to the condition at that time.

In August 2015, the State filed a motion to hold appellant's bond insufficient. The State alleged that he had violated the condition quoted above by sitting near a minor who was in a waiting area of a community supervision office.[4] Also, the State alleged that appellant had previously been informed that "if a minor was present at Community Supervision[, he] needed to remove himself from the area."[5] The trial court held appellant's bond insufficient on August 24, 2015 and issued a capias; the police arrested appellant.

---

[3]It appears that appellant's then-counsel also signed the order. In April 2015, appellant retained new counsel, and it is this counsel who represents him in this appeal.

[4]Appellant was on community supervision for an unrelated misdemeanor offense.

[5]The record contains a letter from appellant's community supervision officer to the district attorney that states,

2

A few days after his arrest, appellant filed a petition for writ of habeas corpus,[6] contending that he was being unlawfully restrained without a hearing concerning whether he violated the bond condition, that the condition quoted above is unconstitutionally vague, and that the condition allowed law enforcement authorities to have too much discretion in interpreting and applying it. As relief, appellant asked the court to reinstate his bond and release him from confinement.

A few days later, appellant filed another petition for writ of habeas corpus. This petition was similar to the first petition; appellant alleged that the trial court had erred by revoking his bond without conducting a hearing, that the no-contact provision was unconstitutionally vague, and that the trial court had exceeded its discretion by revoking the bond because he sat close to a minor in the waiting area of the community supervision office. Appellant also again argued that the vagueness of the language in the condition allowed law enforcement to have too much discretion in enforcing it. Once again, he asked the court to reinstate the bond and order his release from confinement.

---

The Defendant had been advised prior to August 18th[,] 2015 that if there is a minor in the lobby[,] the Defendant needs to exit the building until the minor leaves. The no contact with minor condition has been discussed at length with the Defendant at intake and on several other occasions . . . .

[6]*See* Tex. Code Crim. Proc. Ann. art. 11.08 (West 2015).

The trial court held a hearing on appellant's second habeas corpus petition. Appellant, who had been confined for approximately three weeks, asked for reinstatement of his bond. He testified, however, that he had understood the no-contact condition when he had signed the order that imposed it. The State called a probation officer who had supervised appellant during the time he was released on bond. The probation officer testified that he had explained the no-contact provision to appellant as meaning that if appellant was ever in a location where a minor was present, appellant needed to leave. The probation officer also testified that when he asked appellant why he had sat close to a minor in the community supervision office, appellant stated that he had "[forgotten] about that condition of supervision."

After hearing the parties' arguments at the hearing, the trial court denied relief. Appellant filed a notice of appeal. On the same day that he filed the notice of appeal, the trial court reinstated his bond.

## No Entitlement to Relief

Appellant raises six issues on appeal, one of which concerns our jurisdiction and five of which concern the trial court's revocation of his bond or the constitutionality of the no-contact provision.[7] As we have explained,

> The sole purpose of an appeal from a trial court's habeas corpus ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." Tex. R. App. P. 31.2, 31.3; *see*

[7]The State has not filed a brief.

4

> *Ex parte Idigbe*, No. 02-12-00561-CR, 2013 WL 772891, at *5 (Tex. App.—Fort Worth Feb. 28, 2013, pet. ref'd) (mem. op., not designated for publication). We review the trial court's decision to deny habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Ex parte Primrose*, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997, pet. ref'd).

*Ex parte Evans*, 410 S.W.3d 481, 483–84 (Tex. App.—Fort Worth 2013, pet. ref'd).

The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint. *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002); *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.). A person who is subject to the conditions of a bond is restrained in his liberty, and that restraint must be reasonable. *Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex. Crim. App. [Panel Op.] 1982); *see* Tex. Code Crim. Proc. Ann. art. 17.40(a) (West 2015) ("To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community."); *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.) ("It is well established that courts have the inherent power to place restrictive conditions on the granting of bail. The trial court's discretion to set the conditions of bail is not, however, unlimited." (citation omitted)). Thus, the accused may challenge the manner of his pretrial

5

restraint, including conditions attached to bail. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005); *Ex parte Victorick*, 453 S.W.3d 5, 11–12 (Tex. App.—Beaumont 2014, pet. ref'd) (stating that a petition for writ of habeas corpus may be used to challenge a punitive bond condition).

When the premise of a habeas corpus application is destroyed by subsequent developments, however, the legal issues raised thereunder are rendered moot. *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (mem. op.); *State v. Golding*, 398 S.W.3d 745, 747 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (mem. op. on reh'g). Thus, for example, when a defendant challenges matters related to his pretrial confinement but is later convicted of the offense, the challenge to the confinement becomes moot. *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (explaining that because the appellant had been convicted, there was "no action [the] court [could then] make regarding the trial court's decision on the amount of bail that [would] cause any effect"). We cannot overlook mootness in such an appeal because as we have explained, "Habeas corpus proceedings are extraordinary remedies premised on equity; they are not premised on error correction, as are direct appeals. As an extraordinary remedy, habeas corpus relief should be reserved for those cases in which no other remedy is available." *Ex parte Armstrong*, No. 02-15-00180-CR, 2015 WL 5722821, at *3 (Tex. App.—Fort Worth Aug. 26, 2015, no pet.) (mem. op., not

6

designated for publication) (citation omitted) (concluding that a challenge to a bond amount was moot because the appellant later bonded out, and any opinion about the validity of the amount of the bond would therefore be advisory).

Here, the trial court's reinstatement of appellant's bond[8]—a development occurring after the trial court denied his petition for writ of habeas corpus—has destroyed the premise of most of his appellate arguments. Specifically, in light of the reinstatement of appellant's bond and his release from confinement, we conclude that the arguments in his second issue (that the trial court erred by revoking his bond without conducting an evidentiary hearing),[9] his third issue (which likewise relates to the trial court's alleged error of not conducting a hearing before revoking his bond), and his sixth issue (that the trial court exceeded its discretion by imposing the bond condition to the extent that the provision forbade appellant from sitting close to a minor in the community supervision office) are moot because they depend on circumstances that do not lead to any current restraint on his liberty. Any opinion from this court about the circumstances that led to the prior revocation of appellant's bond, as raised in those issues, would not have the effect of releasing appellant from any such

---

[8]Appellant concedes on appeal that he is "presently at-large, and his pretrial bond has been reinstated." Nothing in the record or in appellant's briefing establishes that appellant is in threat of any imminent revocation of the reinstated bond.

[9]Appellant contends that such a hearing is required under article 17.40(b) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 17.40(b).

restraint, and the opinion would therefore be advisory only. *See Guerrero*, 99 S.W.3d 852, 853; *see also Armstrong*, 2015 WL 5722821, at *3. Thus, we overrule appellant's second, third, and sixth issues as moot.[10]

To the extent that appellant complains of the still-effective no-contact bond condition itself—as opposed to the use of that condition in the past to revoke his bond—his arguments are not moot and are cognizable because the condition acts as a present restraint on his liberty.[11] *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 2015) ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty."); *Robinson*, 641 S.W.2d at 553 ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01.").

Appellant contends in his fourth and fifth issues that the no-contact provision is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment. *See* U.S. Const. amend. XIV, § 1. In *Ex parte Thompson*, the appellant, who had been charged with injury to a child and who likewise had a no-contact bond condition, similarly complained on appeal that the condition was unreasonable, vague, and constitutionally excessive. No. 14-04-

---

[10]These issues are contained in appellant's original brief. He also filed a supplemental brief in which he presented further arguments concerning whether the trial court erred by not conducting a hearing before revoking his bond. We likewise overrule those arguments as moot.

[11]To that extent, we agree with appellant's argument in his first issue concerning mootness, but for the reasons stated below, we nonetheless affirm the trial court's judgment, and we therefore overrule appellant's first issue.

00731-CR, 2005 WL 363971, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2005, no pet.) (not designated for publication). But the appellant had not objected when the condition was imposed, and our sister intermediate appellate court held that by failing to object at that time, the appellant failed to preserve error. *Id.* Like in *Thompson*, Texas courts, including this court, have consistently held that a defendant forfeits an argument that a condition of a bond is erroneous or unconstitutional by not objecting when the condition is imposed.[12] *See Ex parte Vazquez*, Nos. 05-13-00165-CR, 05-13-00166-CR, 2013 WL 1760614, at *3 (Tex. App.—Dallas Apr. 24, 2013, no pet.) (mem. op., not designated for publication) ("Appellant's failure to object to the condition at the time it was imposed precludes his collateral attack on the condition now that his bond has been revoked."); *Smith v. State*, 993 S.W.2d 408, 411 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (en banc op. on reh'g) ("Smith failed to object to the constitutionality of the bond conditions when the conditions were imposed; therefore, he may not now get a second bite at the apple through a habeas corpus appeal."); *Ex parte Lambridia*, No. 14-96-00256-CR, 1996 WL 413982, at

---

[12]We apply a similar rule with regard to conditions of community supervision. *See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1058 (2000); *Little v. State*, 376 S.W.3d 217, 221 (Tex. App.—Fort Worth 2012, pet. ref'd). Appellant relies on the lower court's opinion in *Speth*, which analyzed the validity of a no-contact provision, to contend that the no-contact provision in this case is unconstitutional, but appellant does not recognize the court of criminal appeals's holding that the defendant in *Speth* forfeited his argument by not objecting to the condition when it was imposed. *See Speth v. State*, 965 S.W.2d 13, 17–18 (Tex. App.—Houston [14th Dist.] 1998), *rev'd*, 6 S.W.3d at 535.

*1–2 (Tex. App.—Houston [14th Dist.] July 25, 1996, no pet.) (not designated for publication) (overruling an appellant's challenge to a no-contact condition because he had signed the order creating the condition and the record did not "contain evidence that [he] objected when the condition was imposed"); *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd) ("We hold that Sotelo waived any error in the original imposition of the condition by his failure to object."), *disapproved of on other grounds by Ex parte Anderer*, 61 S.W.3d 398, 404–05 & n.33 (Tex. Crim. App. 2001).

Here, the trial court imposed the no-contact condition in December 2014. Appellant signed the order imposing the condition, establishing that he had notice of it. He has conceded that he understood the condition when he signed the order. And he waited more than nine months, until the court enforced the condition by revoking his bond, before he complained about it. Under these circumstances, we conclude that appellant has forfeited his objections to the no-contact condition.[13] *See Smith*, 993 S.W.2d at 411; *Lambridia*, 1996 WL 413982, at *1–2. We conclude that the trial court did not abuse its discretion by denying appellant's petition for writ of habeas corpus, and we overrule his fourth and fifth issues. *See Evans*, 410 S.W.3d at 483–84.

---

[13]We express no opinion, however, concerning the factual circumstances in which the no-contact provision may be validly applied in the future. *Cf. Ex parte Cross*, 69 S.W.3d 810, 814 (Tex. App.—El Paso 2002, no pet.) (declining to rule on a habeas-corpus applicant's claim that a statute was unconstitutional as applied to him because any injury that the applicant could suffer under the statute was contingent and remote).

10

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's order denying habeas corpus relief.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 31, 2015

11