

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00429-CR

_____

EX PARTE TONYA COUCH

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. C009522-1439883-1457264

---

Before Kerr, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Tonya Couch appeals from the trial court's order denying her pretrial application for writ of habeas corpus. In two separate causes, Couch was charged with money laundering and with hindering apprehension of a felon. The trial court set bond at $10,000 in the money-laundering case and at $75,000 in the hindering-apprehension-of-a-felon case. Couch posted bond in both cases and was released.

After Couch tested positive for methamphetamines, the trial court held her bond in both cases insufficient and ordered her to be held without bond. Couch filed a habeas application complaining that (1) there was no basis for the trial court's determination that the bonds were insufficient, (2) detaining her without bail pending trial was unlawful, (3) the trial court could not hold her bonds insufficient without setting additional bonds, and (4) she could not afford to post another bond. The trial court denied the application, and Couch appealed. After Couch filed her notice of appeal, the trial court reinstated the bonds with amended conditions, and Couch was released.

After learning that Couch had been released, we notified her by letter of our concern that her appeal might be moot because the trial court had reinstated the bonds and she had been released. *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (mem. op.) (dismissing as moot appeal from pretrial writ of habeas corpus seeking bond reduction after trial court reduced bond and appellant was released after posting bond); *see also Ex parte Martinez*, No. 02-

2

15-00353-CR, 2015 WL 9598924, at *3 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op., not designated for publication) (concluding that reinstatement of appellant's bond and release from confinement rendered moot appellant's issues related to the circumstances that led to the prior revocation of appellant's bond); *Ex parte Armstrong*, No. 02-15-00180-CR, 2015 WL 5722821, at *3 (Tex. App.—Fort Worth Aug. 26, 2015, no pet.) (mem. op., not designated for publication) (concluding that challenge to bond amount was moot because appellant had been released from custody after posting bond and any opinion regarding bond amount's validity would therefore be advisory). We warned Couch that we might dismiss the appeal unless she or any party desiring to continue the appeal filed, within ten days, a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3.

Couch responded, stating that "the appeal is indeed moot as the trial court has reinstated her bonds with amended conditions and [she] has been released on bonds." As we have held, when later developments destroy a habeas application's premise, "the legal issues raised thereunder are rendered moot." *Martinez*, 2015 WL 9598924, at *2 (citing *Guerrero*, 99 S.W.3d at 853). Accordingly, we dismiss Couch's appeal as moot. *See* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

3

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 17, 2019