**Opinion issued March 12, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-18-00484-CR**

**NO. 01-18-00491-CR**

———————————

**EX PARTE MINGCAN ZHANG, Appellant**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1581116 & 1580092[1]**

---

## MEMORANDUM OPINION

Appellant, Mingcan Zhang, was indicted in the underlying trial court cause

number 1581116 for the second-degree felony offense of aggravated assault with a

---

[1]     Appellate cause number 01-18-00484-CR; trial court cause number 1581116.
        Appellate cause number 01-18-00491-CR; trial court cause number 1580092.

deadly weapon, and the trial court initially set his bond at $30,000.[2]  Appellant was later indicted in the related trial court cause number 1580092 for the third-degree felony offense of assault of a public servant, and the trial court initially set his bond at $75,000.[3]  After appellant filed a pre-trial application for a writ of habeas corpus in both cases, pursuant to Texas Code of Criminal Procedure article 17.151, the trial court denied the application, but reduced the bond to $2,500 in each case.   Appellant timely filed a notice of appeal of the order denying his habeas application, and new counsel was appointed who filed a brief.  *See* TEX. R. APP. P. 26.2(a)(1), 31.1.

While the trial court certified that this was not a plea-bargain case and that appellant had the right of appeal in trial court cause number 1581116, it failed to do so in trial court cause number 1580092.  *See* TEX. R. APP. P. 25.2(a)(2).  Although an appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record, the Clerk of this Court requested that a supplemental clerk's record be filed.  TEX. R. APP. P. 25.2(d), 37.1.

On March 4, 2019, the district clerk filed a supplemental clerk's record in each case attaching the December 19, 2018 cash bail bond showing that appellant posted the $2,500 bond in each case and had been released from custody.   "The

---

[2]     *See* TEX. PEN. CODE ANN. § 22.02(a)(2), (b) (West 2011).

[3]     *See* TEX. PEN. CODE ANN. § 22.01(a)(1), (b)(1) (West 2011).

longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.— Houston [14th Dist.] 2003, no pet.) (per curiam) (mem. op.) (internal quotation marks and citation omitted) (granting State's motion to dismiss appeal of pre-trial habeas application seeking a bond reduction after appellant posted bond and was released).

Accordingly, because appellant has posted bond in each case, we dismiss these appeals for want of jurisdiction as moot. *See* TEX. R. APP. P. 43.2(f); *Ex parte Guerrero*, 99 S.W.3d at 853.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).