# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00224-CR

### Ex parte Samuel Marrs

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 49116, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Samuel Marrs filed a notice of appeal in this Court on April 8, 2019, which reflected that he was appealing the trial court's order denying his pretrial application for writ of habeas corpus. Subsequently, in response to a notice of an overdue clerk's record, the district clerk informed this Court by letter that during the pendency of this appeal, appellant was tried by a jury and acquitted in the underlying action.[1] We requested a supplemental clerk's record containing the judgment of acquittal. The district clerk advised us, however, that it could not produce the judgment because of an expunction order.

On November 14, 2019, the Clerk of this Court sent notice to appellant informing him that after reviewing the responses of the district clerk and the court reporter regarding the overdue records in this appeal, it appeared that this Court may lack jurisdiction in this matter. *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.)

---

[1] Similarly, in response to a notice of an overdue reporter's record, the court reporter informed this Court by letter that no request for the reporter's record had been made and that the case had been disposed of in a jury trial in which appellant was found not guilty.

(recognizing that "[t]he longstanding rule in Texas regarding habeas corpus is that 'where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot.'" (quoting *Bennet v. State,* 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.)); *see also Jack v. State*, 149 S.W.3d 119, 123 n. 10 (Tex. Crim. App. 2004) (stating that case becomes moot on appeal when appellate court's judgment "can no longer have an effect on an existing controversy or cannot affect the rights of the parties"); *Texas Quarter Horse Ass'n v. American Legion Dep't of Tex.*, 496 S.W.3d 175, 180–81 (Tex. App.—Austin 2016, no pet.) (recognizing that if case becomes moot while case is on appeal, appellate court lacks jurisdiction to act on merits).  In our letter, we asked appellant to respond no later than November 25, 2019, to explain how this Court may exercise jurisdiction over this appeal.  To date, we have not received any response from appellant.

We dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a); *cf. Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (dismissing petition for discretionary review after concluding that denial of applicant's pretrial application for writ of habeas corpus was rendered moot when applicant had been convicted of underlying offense and was no longer subject to pretrial confinement).

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   December 12, 2019

Do Not Publish

2