

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-21-00315-CR**

**EX PARTE SHAKEAL MONTREY MOZON**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. F311-21**

## MEMORANDUM OPINION

Shakeal Montrey Mozon was charged by indictment with sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). Bail was set at $250,000. Mozon filed a pre-trial application for writ of habeas corpus in the trial court asserting that his bail was excessive and requesting reasonable bail. After a hearing, the trial court denied Mozon's habeas application. Mozon appealed.

On January 5, 2022, counsel for Mozon filed a "Motion to Withdraw Notice of Appeal and Dismiss Appeal."[1] In this document, counsel indicated that, on December

---

[1] Although styled as a motion to dismiss, counsel's January 5, 2022 motion is not signed by Mozon. Thus, the motion does not comply with Texas Rule of Appellate Procedure 42.2(a), which requires that both "appellant and his or her attorney must sign the written motion to dismiss and file it in duplicate with the

21, 2021, Mozon pleaded guilty to the charged offense of sexual assault of a child. Counsel further argued that, as a result of the guilty plea, Mozon's appeal from the denial of his habeas application regarding the amount of bail is now moot.

A case that is moot is normally not justiciable. *See Pharris v. State*, 165 S.W.3d 681, 687-88 (Tex. Crim. App. 2005). As such, the mootness doctrine limits courts to deciding cases in which an actual controversy exists. *See Ex parte Flores*, 130 S.W.3d 100, 104-05 (Tex. App.—El Paso 2003, pet. ref'd). "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of the appellate court would be a mere academic exercise and the court may not decide the appeal." *Id.* at 105. "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (per curiam) (internal citations & quotations omitted).

In *Martinez v. State*, the Court of Criminal Appeals held that a conviction rendered moot a complaint regarding bail because the defendant was "no longer subject to pre-trial confinement." 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *see Kniatt v. State*, 206

---

appellate clerk, who must immediately send the duplicate copy to the trial court clerk." TEX. R. APP. P. 42.2(a). However, this is of no consequence because Mozon has pleaded guilty to the charged offense, which, as we conclude above, mooted his appeal from the denial of his habeas application regarding the amount of bail.

S.W.3d 657, 665 (Tex. Crim. App. 2006) (Keller, P.J., concurring) ("*Martinez* held that a conviction rendered moot a complaint regarding bail because the defendant was "no longer subject to pre-trial confinement. Essentially, these types of claims apply only at certain stages of the prosecution, and they disappear once the prosecution progresses past the stage in question.").

Because Mozon has pleaded guilty to the charged offense and is no longer subject to pre-trial confinement, we conclude that Mozon's appeal is moot. *See Martinez*, 826 S.W.2d at 620; *Ex parte Guerrero*, 99 S.W.3d at 853; *see also Kniatt*, 206 S.W.3d at 665. As such, we dismiss this appeal for want of jurisdiction.

STEVE SMITH
Justice

Before Chief Justice Gray
      Justice Johnson, and
      Justice Smith
Dismissed
Opinion delivered and filed January 12, 2022
Do not publish
[CR25]

