**Opinion issued June 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00775-CR

_____

## EX PARTE BENJAMIN EDUARDO SANCHEZ, Appellant

---

**On Appeal from the 207th District Court**
**Comal County, Texas**
**Trial Court Case No. C2022-1206X**

---

## MEMORANDUM OPINION

Appellant Benjamin Eduardo Sanchez appeals from the trial court's denial of

his application for writ of habeas corpus.[1]  The State of Texas has filed a motion to

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas.  See TEX. GOV'T CODE § 73.001  (authorizing transfer of cases between courts of appeals).

dismiss the appeal on the ground that it is moot. Appellant has not filed a response to this motion. We grant the motion and dismiss the appeal.

On July 25, 2022, appellant filed a pretrial application for writ of habeas corpus seeking bail reduction. Appellant alleged that he was illegally confined in lieu of a bond in the amount of $22,000.00, which appellant claimed was excessive, oppressive, and beyond his financial means in violation of the Eighth and Fourteenth Amendments to the United States Constitution, of the Texas Constitution, and of Articles 1.09 and 17.15 of the Texas Code of Criminal Procedure. Appellant contends that his release was denied on August 2, 2022, but the clerk's record does not contain a copy of the trial court's order.

On November 8, 2022, the State filed a motion to dismiss the appeal as moot. The State claimed that appellant's counsel advised the State that appellant was released from pretrial confinement on a personal recognizance bond on or about November 4, 2022. The State attached a System Printout and a Comal County Jailing Record supporting the claim that appellant was released on a personal recognizance bond.

If "'the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot.'" *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (quoting *Bennet v. State*, 818 S.W.3d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.). In

*Guerrero*, the appellant filed a pretrial application for writ of habeas corpus seeking a bond reduction, but the trial court subsequently reduced the bond and appellant posted bond. *See Guerrero*, 99 S.W.3d at 853. The State filed a motion to dismiss the appeal as moot and the appellate court agreed, dismissing the appeal as moot. *See id.*

Here, the documents attached to the State's motion to dismiss indicate that appellant was released on November 4, 2022 on personal recognizance bonds set by the trial court. Accordingly, the issues raised in the appeal from the denial of appellant's writ of habeas corpus are now moot because appellant has been released on personal recognizance bonds.

We dismiss the appeal as moot. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.
Do not publish. TEX. R. APP. P. 47.2(b).