**Opinion issued July 13, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00454-CR**
_____

**EX PARTE BENJAMIN ROARK, Appellant**

---

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 2456923**

---

**MEMORANDUM OPINION**

Appellant, Benjamin Roark, was charged with the misdemeanor offense of violation of a court order in trial court cause number 2447617.[1]  In the underlying cause, appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of the statute under which he was charged.  After a hearing on

---

[1]     *See* TEX. PEN. CODE ANN. § 25.07(a)(3)(A).

appellant's habeas application, the trial court denied appellant's pretrial application for writ of habeas corpus. On June 9, 2023, appellant filed a notice of appeal from the trial court's denial of his habeas application.

Subsequently, on June 28, 2023, counsel for appellant filed a "Notice to Court," advising the Court that on June 20, 2023, the underlying cause "was dismissed in connection with a plea agreement." Counsel further stated that he "believe[d] this development render[ed] this appeal moot."

We agree and dismiss the appeal as moot.

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotations omitted).

Where, as here, the cause was dismissed in connection with a plea agreement, the requested habeas relief has been mooted. "[T]he premise of [appellant's] habeas corpus application [has been] destroyed . . . [and] the legal issues raised thereunder are moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (internal quotations omitted).

Accordingly, the Court dismisses the appeal as moot. *See* TEX. R. APP. P. 43.2(f). We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).