

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00410-CR
No. 02-24-00411-CR

———————————————

EX PARTE GINO VERON

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court Nos. DC30-CR2024-0692-1, DC30-CR2024-0692-2

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

In trial court cause numbers DC30-CR2024-0692-1 and -2, Appellant Gino Veron is charged with one count of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. The trial court set his cumulative pretrial bond at $350,000. Veron filed a pretrial application for writ of habeas corpus seeking a bond reduction, asserting that the bond amount was "excessive, oppressive[,] and beyond [his] financial means." After a hearing on the application, the trial court denied it. Veron timely filed these appeals.

The State has filed an unopposed motion to dismiss the appeals as moot.[1] According to the State's motion, Veron is no longer confined in jail; he posted a surety bond as to each count and was released from confinement pending trial. In support of its motion, the State attached copies of the bail bonds.

The longstanding rule in Texas regarding habeas corpus is that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (per curiam) (mem. op.); *see Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd) ("When he was released from confinement . . . , [appellant's] issues challenging the legality of his confinement were rendered moot."). Thus, for example, "[a]n appeal of a denial of

---

[1]The certificate of conference indicates that the State conferred with Veron's attorney and that he did not oppose the motion.

habeas corpus relief based on the inability to make bail is rendered moot when the appellant posts a surety bond and is released from custody." *Ex parte LeBlanc*, No. 09-24-00283-CR, 2024 WL 3959246, at *1 (Tex. App.—Beaumont Aug. 28, 2024, no pet.) (per curiam) (mem. op., not designated for publication); *see Ex parte Sanchez*, No. 01-22-00775-CR, 2023 WL 4065520, at *1 (Tex. App.—Houston [1st Dist.] June 20, 2023, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal as moot because appellant had been released on personal recognizance bonds); *Ex parte Cook*, No. 02-19-00286-CR, 2019 WL 6335417, at *1 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication) (granting the State's motion to dismiss and dismissing appeal as moot when appellant had posted bail and was no longer in custody); *Ex parte Armstrong*, No. 02-15-00180-CR, 2015 WL 5722821, at *3 (Tex. App.—Fort Worth Aug. 26, 2015, no pet.) (mem. op., not designated for publication) (same).

Veron's appeals were rendered moot when he posted the surety bonds and was released from confinement. Accordingly, we grant the State's unopposed motion to dismiss and dismiss the appeals as moot. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 20, 2025