**Opinion issued September 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00520-CR

———————————

## EX PARTE FORREST GREENBERG, Appellant

---

### On Appeal from the 488th District Court
### Harris County, Texas
### Trial Court Case No. 1865734

---

## MEMORANDUM OPINION

Appellant, Forrest Greenberg, was indicted for the first-degree felony offense

of aggravated sexual assault of a child younger than 14 years old.[1]  In the underlying

case, appellant filed a pretrial application for writ of habeas corpus asserting that he

was not indicted within the statute of limitations for the offense.  After a hearing on

---

[1]  *See* TEX. PENAL CODE ANN. § 22.021.

appellant's pretrial habeas application, the trial court denied appellant's pretrial application for writ of habeas corpus. Appellant timely filed a notice of appeal from the trial court's denial of his habeas application.

On September 16, 2025, the State filed a "Motion to Dismiss as Moot," stating that on September 8, 2025, "appellant was convicted after a jury trial and sentenced to life with the possibility of parole." Because the appellant has been convicted and sentenced, he is no longer being confined pursuant to the indictment and is instead confined pursuant to his conviction and the trial court's judgment. Therefore, the State asserted that the appeal from the trial court's denial of his pretrial habeas application has been rendered moot.

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotations omitted). Where, as here, appellant's underlying case has been disposed by entry of judgment, the requested habeas relief has been mooted. *See Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1992, no pet.) ("Appellant's application for writ of habeas corpus entailed a challenge to the

legality of his original confinement. Appellant is no longer confined based on the process underlying his original detention, but is now confined pursuant to judgment and sentence . . . . Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot."); *see also Ex parte Pete*, No. 01-22-00259-CR, 2022 WL 16985609, at \*2 (Tex. App.—Houston [1st Dist.] Nov. 17, 2022, pet. ref'd) (mem. op., not designated for publication) ("An appeal challenging the denial of a pretrial application for writ of habeas corpus is rendered moot when the appellant is convicted of the underlying offense before the appellate court rules on his appeal.").

Because the case against appellant has been disposed of, "the premise of [appellant's] habeas corpus application is destroyed . . . [and] the legal issues raised thereunder are moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.— Houston [14th Dist.] 2003, no pet.) (internal quotations omitted). Accordingly, we grant the State's motion and dismiss the appeal as moot. *See* TEX. R. APP. P. 43.2(f). We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).