**Arthur Earl BENNET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00488–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 24, 1991.

Beverly J. Backers, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Arthur Earl Bennet, appeals from the trial court's order denying his writ of habeas corpus. The trial court denied appellant's petition for writ of habeas corpus which requested (1) bond reduction from a bail bond previously set by the court in the amount of $20,000, and (2) dismissal of the indictment based on denial of the right to a speedy trial. Subsequent to appellant's appeal from this order, appellant's robbery case was brought to trial before a jury and a judgment was entered convicting appellant of robbery. TEX.PE-NAL CODE ANN. § 29.02 (Vernon 1989). The jury found the two enhancement allegations of the indictment to be true and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for sixty-five (65) years. The subsequent trial rendered moot appellant's request for extraordinary relief. Therefore, we order this appeal dismissed.

Appellant was indicted on April 12, 1990, in a two count indictment for the offenses of robbery and theft from person occurring on March 9, 1990. Each count was enhanced with two prior felony convictions. In the eleven months that followed, appellant appeared before the court eight times before the court ordered bond set at $20,000. Exactly one year after appellant was formally charged, appellant filed a petition for writ of habeas corpus on April 12, 1991. He requested that his bond be reduced or that he be released on personal bond. He also asked that his indictment be dismissed based upon denial of his right to a speedy trial. On May 28, 1991, after hearing on appellant's petition, the trial court denied appellant's petition. On the same date appellant filed notice of appeal from the trial court's order.

On July 23, 1991, appellant entered a plea of not guilty before a jury to count I of the indictment charging him with robbery. On July 24, 1991, the trial court, upon motion of the State, dismissed count II, theft from person, from appellant's indictment because of insufficient evidence. The jury found the appellant guilty of robbery, and found the enhancement allegations true. The jury assessed punishment at sixty-five years confinement and the trial court sentenced appellant accordingly on July 26, 1991. Appellant then gave notice of appeal.

■ We find that appellant's appeal from the issues raised in appellant's pretrial application for habeas corpus have been rendered moot by his subsequent conviction in the underlying robbery indictment and notice of appeal from that conviction. Appellant asserted two points of error from the denial of his application for habeas corpus: (1) failure to dismiss the case based on denial of a speedy trial; and (2) failure to lower the bond set by the court. The longstanding rule in Texas regarding habeas corpus is that "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.—Houston [14th Dist.] 1990, no writ) (citing *Ex parte Branch*, 553 S.W.2d 380 (Tex.Crim.App.1977); *Ex parte Norvell*, 528 S.W.2d 129 (Tex.Crim.App.1975); *Ex parte Marks*, 144 Tex.Crim. 561, 165 S.W.2d 184 (App.1942)). Subsequent to appellant's appeal from the trial court's denial of his habeas corpus application, a trial was conducted, appellant was found guilty of robbery and assessed punishment.

Appellant's second point of error regarding lowering bail is now moot, because appellant is now legally confined pursuant to a guilty verdict in the underlying robbery case. *See Armendarez v. State*, 798 S.W.2d 291 (Tex.Crim.App.1990). There is no action this court can now make regarding the trial court's decision on the amount of bail that will cause any effect.

■ Since appellant's constitutional argument in his first point of error concerning a speedy trial is suitable for consideration on appeal from his robbery conviction, habeas corpus will not lie as a substitute for an appeal unless good cause is shown to do so. *Saucedo*, 795 S.W.2d at 9 (court would not consider appeal from judgment on appellant's application for writ of habeas corpus where appellant had adequate remedy at law to raise his contentions on direct appeal from his conviction). Habeas corpus is an extraordinary remedy. An appellate court should not "entertain an application for writ of habeas corpus where there is an adequate remedy at law." *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim.App.1978). In the present case, appellant's adequate remedy at law is that his assertion may be raised on direct appeal of his underlying robbery conviction.

Accordingly, we dismiss the appeal.