EX PARTE SABUR

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-305-CR

        2-02-306-CR

        2-02-307-CR

        2-02-308-CR

EX PARTE 

BAQUEE ANTAR SABUR 

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Baquee Antar Sabur appeals from the trial court’s orders denying the relief sought in his pretrial applications for writ of habeas corpus, which requested that he be released on his own recognizance because of the delay in starting trial.  Appellant also alleged at the hearing on his applications that his federal and state constitutional rights to a speedy trial have been violated.  We affirm the orders in cause numbers 2-02-305-CR, 2-02-306-CR, and 2-02-307-CR.  We dismiss the appeal from cause number 2-02-308-CR as moot because a judgment was rendered in that cause on November 21, 2002, convicting appellant of theft and credit card abuse and sentencing him to six and eighteen months’ confinement, respectively.  
See Martinez v. State, 
826 S.W.2d 620, 620 (Tex. Crim. App. 1992); 
Bennet v. State
, 818 S.W.2d 199, 200 (Tex. App.—Houston [14
th
 Dist.] 1991, no pet.).

Because the Texas Court of Criminal Appeals has expressly rejected a pretrial habeas application as the proper vehicle to raise a speedy trial claim, we will not address appellant’s allegation that his state and federal constitutional rights to a speedy trial have been violated.
  See Smith v. Gohmert
, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) (orig. proceeding).  

Appellant also argues that he should be released on his own recognizance or on bail because the State has violated article 17.151 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 17.151, § 1 (Vernon Supp. 2003).  The applicable portion of article 17.151, section 1, states that “[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony.”  
Id.
  Once the State has made a prima facie showing that it is ready for trial, the defendant must rebut it in order to be eligible for bail.  
See Barfield v. State
, 586 S.W.2d 538, 542 (Tex. Crim. App. [Panel Op.] 1979).  

The State announced ready in these cases on December 20, 2001.  At the hearing on his applications, appellant presented no evidence showing that the State is not ready for trial, other than that “the trial hasn’t happen[ed].”  We overrule appellant’s issue on appeal.

The trial court’s orders in cause numbers 2-02-305-CR, 2-02-306-CR, and 2-02-307-CR are affirmed, and the appeal from the order in cause number 2-02-308-CR is dismissed as moot. 

PER CURIAM

PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: MARCH 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.