COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NOS.
2-02-305-CR
                                                         
2-02-306-CR
                                                         
2-02-307-CR
                                                         
2-02-308-CR
 
EX PARTE
BAQUEE ANTAR SABUR
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Baquee Antar Sabur
appeals from the trial court's orders denying the relief sought in his pretrial
applications for writ of habeas corpus, which requested that he be released on
his own recognizance because of the delay in starting trial. Appellant also
alleged at the hearing on his applications that his federal and state
constitutional rights to a speedy trial have been violated. We affirm the orders
in cause numbers 2-02-305-CR, 2-02-306-CR, and 2-02-307-CR. We dismiss the
appeal from cause number 2-02-308-CR as moot because a judgment was rendered in
that cause on November 21, 2002, convicting appellant of theft and credit card
abuse and sentencing him to six and eighteen months' confinement, respectively. See
Martinez v. State, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); Bennet
v. State, 818 S.W.2d 199, 200 (Tex. App.--Houston [14th Dist.]
1991, no pet.).
Because the Texas Court of Criminal
Appeals has expressly rejected a pretrial habeas application as the proper
vehicle to raise a speedy trial claim, we will not address appellant's
allegation that his state and federal constitutional rights to a speedy trial
have been violated. See Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex.
Crim. App. 1998) (orig. proceeding).
Appellant also argues that he
should be released on his own recognizance or on bail because the State has
violated article 17.151 of the Texas Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 17.151, § 1 (Vernon Supp. 2003). The applicable portion of
article 17.151, section 1, states that "[a] defendant who is detained in
jail pending trial of an accusation against him must be released either on
personal bond or by reducing the amount of bail required, if the state is not
ready for trial of the criminal action for which he is being detained within . .
. 90 days from the commencement of his detention if he is accused of a
felony." Id. Once the State has made a prima facie showing that it
is ready for trial, the defendant must rebut it in order to be eligible for
bail. See Barfield v. State, 586 S.W.2d 538, 542 (Tex. Crim. App.
[Panel Op.] 1979).
The State announced ready in these
cases on December 20, 2001. At the hearing on his applications, appellant
presented no evidence showing that the State is not ready for trial, other than
that "the trial hasn't happen[ed]." We overrule appellant's issue on
appeal.
The trial court's orders in cause
numbers 2-02-305-CR, 2-02-306-CR, and 2-02-307-CR are affirmed, and the appeal
from the order in cause number 2-02-308-CR is dismissed as moot.
 
                                                                          
PER CURIAM
 
PANEL F: DAY, DAUPHINOT, and
HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.