NO. 12-08-00105-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MICHAEL JAMES NEWSOME AND
§
 APPEAL FROM THE 369TH

MICHAEL ANTHONY MOORE,

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF



DOUG DRETKE, ET AL,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Michael James Newsome and Michael Anthony Moore (collectively "Appellants"), both
inmates in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding
pro se, filed an in forma pauperis suit against TDCJ Director Doug Dretke, Warden Chuck Biscoe,
Officer Rhonda Barker, Officer Barbara Stampley, and Property Room Officer Sherri Milligan
(collectively "Appellees"). Appellants raise five issues on appeal. We affirm.


Background

 Appellants are inmates. While incarcerated, Newsome filed a civil suit against Appellees
alleging that they are liable in tort for theft of his property. By his suit, Newsome sought recovery
of damages pursuant to the Texas Theft Liability Act (1) as well as recovery of damages for pain and
suffering and mental anguish. Newsome further alleged that Appellees, by their actions, denied him
his right of access to the courts and further violated his right to petition the government for redress
of grievances. Thereafter, Newsome filed a motion to certify the cause as a class action. Moore filed
a petition in intervention and subsequently sought injunctive relief against Appellees. Appellants
thereafter filed a motion to recuse the trial court judge. 

 On February 22, 2008, without conducting a hearing, the trial court found that Appellants'
suit was frivolous or malicious and dismissed it. In its order, the trial court found that "from the
Plaintiff's affidavit of previous filings[,] the claim is substantially similar to previous claims brought
by the Plaintiff and [its] realistic chance of ultimate success is slight." This appeal followed.


Motion to Recuse

 In their first issue, Appellants argue that the trial court judge erred in failing to either recuse
himself or request the presiding judge of the administrative judicial district to assign a judge to hear
their case.

 Rule 18a of the Texas Rules of Civil Procedure governs recusal of judges. See Tex. R. Civ.
P. 18a. In order to recuse a judge, any party may file a motion stating grounds why the judge before
whom the case is pending should not sit in the case. See Tex. R. Civ. P. 18a(a); Barron v. State
Att'y Gen., 108 S.W.3d 379, 382 (Tex. App.-Tyler 2003, no pet.). The motion must be filed at least
ten days before the date set for trial or other hearing, be verified, and state with particularity the
grounds for recusal. Id. Before proceeding further in the case, the judge must either recuse himself
or, if he declines recusal, request the presiding judge of the administrative judicial district to assign
a judge to hear the motion. See Tex. R. Civ. P. 18a(c), (d). If the motion to recuse is denied, the
standard for review is abuse of discretion, and the denial may be reviewed on appeal from the final
judgment. Tex. R. Civ. P. 18a(f); Barron, 108 S.W.3d at 382. The test for abuse of discretion is
whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding
rules or principles. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 When a recusal motion is filed, the trial judge against whom the motion is directed may
properly make an initial decision of whether the motion conforms to Rule 18a. Barron, 108 S.W.3d
at 382. "Recusal may be waived if it is not raised by a proper motion." McElwee v. McElwee, 911
S.W.2d 182, 186 (Tex. App.-Houston [1st Dist.] 1995, writ denied). The procedural requisites for
recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain
of a judge's failure to recuse himself. See Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex. App.-Waco
2002, no pet.); Gill v. Tex. Dep't of Criminal Justice, Institutional Div., 3 S.W.3d 576, 579 (Tex.
App.-Houston [1st Dist.] 1999, no pet.); Pena v. Pena, 986 S.W.2d 696, 701 (Tex. App.-Corpus
Christi 1998, pet. denied). Thus, the provisions of Rule 18a obligating a trial judge to either recuse
himself or refer the motion to the presiding judge of the administrative judicial district never come
into play unless and until a formal timely, written and verified motion to recuse is filed. Barron, 108
S.W.3d at 383.

 In the instant case, Appellants made no attempt to verify their motion to recuse as mandated
by Rule 18a. See Tex. R. Civ. P. 18a(a). As such, the provisions of Rule 18a obligating a trial judge
to either recuse himself or refer the motion to the presiding judge of the administrative judicial
district were not triggered, see Barron, 108 S.W.3d at 383, and the trial judge did not err in declining
to act on Appellants' motion. Appellants' first issue is overruled.


Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14

 In their third issue, Appellants argue that the trial court improperly dismissed their lawsuit
pursuant to Texas Civil Practice and Remedies Code section 14.005. We review the trial court's
dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). The trial courts are
given broad discretion to determine whether a case should be dismissed because (1) prisoners have
a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3)
sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of
state officials, courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812,
814-15 (Tex. App.-Tyler 1994, no writ). 

 In the instant case, the trial court made a finding in its order of dismissal that Appellants'
claim is "substantially similar to previous claims brought by the Plaintiff and [its] realistic chance
of ultimate success is slight." However, we will affirm a dismissal if it was proper under any legal
theory. See Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament, 814
S.W.2d 808, 810 (Tex. App.-Waco 1991, writ denied).

 Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. (2)
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial
court may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the "same operative facts." Id. § 14.003(b)(4). To enable a trial court
to determine whether the suit is substantially similar to a previous one, an inmate is required to file
a separate affidavit or unsworn declaration describing all other suits the inmate has brought and
stating the "operative facts" upon which relief was sought. Id. § 14.004(a)(2)(A). 

 Additionally, to enable the court to determine whether an inmate is indigent,
Sections 14.004(c) and 14.006(f) require the inmate to file a certified copy of his inmate trust
account statement that "reflect[s] the balance of the account at the time the claim is filed and activity
in the account during the six months preceding the date on which the claim is filed." Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.004(c), 14.006(f) (Vernon 2002). Because the affidavit and trust
account statement enable the court to determine whether an indigent inmate's suit should be
dismissed, Texas courts have consistently held that the failure to file the required information or the
inmate trust account statement can result in dismissal without notice or hearing. See McCray v.
Clerk of the Court, No. 05-06-00755-CV, 2007 WL 2473334, at *2 (Tex. App.-Dallas Sept. 4,
2007, no pet.) (citing Gowan v. Tex. Dep't of Criminal Justice, 99 S.W.3d 319, 322 (Tex.
App.-Texarkana 2003, no pet.); Retzlaff v. Tex. Dep't of Criminal Justice, 94 S.W.3d 650, 654
(Tex. App.-Houston [14th Dist.] 2002, pet. denied)).

 In the case at hand, the record reflects that Appellants each failed to file certified copies of
their respective inmate trust account statements. When an inmate files an affidavit or declaration
that fails to comply with the requirements of section 14.004, the trial court is entitled to assume that
the suit is frivolous. See Bell, 962 S.W.2d at 158. Accordingly, we hold that the trial court did not
abuse its discretion when it dismissed Appellants' suit. Id. Appellants' third issue is overruled.


Failure to Permit Plaintiff to Amend Petition

 In their fourth issue, Appellants argue that the trial court erred in its failure to allow
Appellants to amend their petition before dismissing their suit. However, the record does not
indicate that Appellants, in fact, sought to amend their pleadings. Texas Civil Practice and Remedies
Code, section 14.003 empowers a trial court to dismiss an action as frivolous or malicious either
before or after service of process. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a).
Accordingly, the trial court is under no duty to suggest sua sponte that Appellants amend their
pleadings. Appellants' fourth issue is overruled.


Failure to Rule on Motion for Class Certification

 In their fifth issue, Appellants argue that the trial court erred in failing to rule on their motion
for class certification within a reasonable time. (3) A case becomes moot when the issues presented
are no longer live or the parties lack a legally cognizable interest in the outcome. See Murphy v.
Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982). Under this general rule,
it is evident that once the trial court dismissed Appellants' claims as frivolous, their claim that the
trial court failed to rule on their motion for class certification in a reasonable time period was moot.
The issue is no longer live because, having overruled Appellants' third issue concerning the trial
court's dismissal of their claims, there is no decision that this court could render regarding the trial
court's failure to rule on Appellants' motion for class certification that would have any effect. Id.
at 455 U.S. 481-82, 102 S. Ct. at 1183-1184; Bennet v. State, 818 S.W.2d 199, 200 (Tex.
App.-Houston [14th Dist.] 1991, no pet.). Appellant's fifth issue is overruled.


Issuance of Citation

 In their second issue, Appellants argue that the trial court erred in failing to issue citation or
order that the clerk issue citation. (4) Texas Rule of Civil Procedure 99 governs the issuance and form
of citation. See Tex. R. Civ. P. 99. Pursuant to Rule 99, a party filing a petition is required to
request that citation be served on the opposing party and to direct the clerk of the court where to
serve the opposing party. See Tex. R. Civ. P. 99(a). 

 Here, Appellants contend that the duty to order citation rests with the trial court judge. Rule
99 plainly indicates the error of Appellants' position. See id. The law imposes no duty on the trial
judge to monitor citation or to order citation be issued sua sponte. Moreover, the trial court acted
within its discretion in the instant case in dismissing Appellants' suit before service of process. See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). Appellant's second issue is overruled.


Disposition

Having overruled Appellants' five issues, we affirm the trial court's order of dismissal.



 BRIAN HOYLE 

 Justice



Opinion delivered September 24, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.








(PUBLISH)
1. See Tex. Civ. Prac. & Rem. Code Ann. § 134.005(a)(1), (b) (Vernon 2005).
2. Chapter 14 does not apply to suits brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002(b) (Vernon 2002).
3. A complaint concerning a trial court's refusal to rule on a motion is ordinarily raised by a petition for writ
of mandamus. See, e.g., In re Martinez Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio 1998, orig.
proceeding). 
4. The wording of Appellants' second issue is not entirely clear. We have construed the issue liberally in the
interest of justice.