In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00503-CR
NO. 01-08-00504-CR
____________

SHANELL MONIQUE MOSLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause Nos. 1182322 & 1182323



 
MEMORANDUM OPINION
          These appeals are from the trial court’s May 12, 2008 orders denying
appellant’s pretrial “Application for Writ of Habeas Corpus and Motion for
Reasonable Bond,” by which appellant sought to have her bond reduced from
$250,000. 

          On September 8, 2008, appellant was reindicted for the same offenses on which
her bond was set. She was then tried and convicted for the offenses, and her appeals
from those convictions are pending in this Court under cause numbers 01-08-00937-CR and 01-08-00938-CR. Moreover, it appears from the trial court’s docket sheet in
our cause numbers 01-08-00937-CR and 01-08-00938-CR that on September 24,
2008, after appellant’s appeals from the denial of her writ application were filed, the
trial court entered an order (not included in the clerk’s records in any of appellant’s
four related appeals that are pending in this Court) reducing her bond to $200,000
upon the surrender of her passport.

          Appellant’s conviction in the causes in which her pretrial bond had been set,
as well as the trial court’s implicitly having vacated the order denying habeas relief
and issuing a new order reducing bond after she had appealed, have rendered moot
the appeals in our cause numbers 01-08-00503-CR and 01-08-00504-CR. See Bennet
v. State, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.)
(concluding that appeal from denial of habeas application seeking to reduce bond was
rendered moot by defendant’s subsequent conviction); cf. State v. Camilli, No.
14-08-00922-CR, 2008 WL 4735198, at *1 (Tex. App.—Houston [14th Dist.] Oct.
30, 2008, no pet.) (memo. op.) (concluding that State’s appeal from denial of pretrial
order granting motion to suppress was rendered moot by trial court’s subsequent
vacating of that order). We thus lack subject-matter jurisdiction over these two
appeals and must dismiss them. See Bennett, 818 S.W.2d at 200; Camilli, 2008 WL
4735198, at *1.

          Accordingly, the appeals in our cause numbers 01-08-00503-CR and 01-08-00504-CR are dismissed for lack of jurisdiction.

          Any pending motions are denied as moot.

PER CURIAM



Panel consists of Justices Taft, Bland, and Sharp.

 
Do not publish. See Tex. R. App. P. 47.2(b).