COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:         Ex parte Kendall Bell

Appellate case number:       01-22-00473-CV

Trial court case number:     1766307

Trial court:                 263rd District Court of Harris County

Appellant, Kendall Bell, has filed a notice of appeal of the trial court's denial of his application of writ of habeas corpus. On July 21, 2022, the Court issued an opinion in *Bell v. State*, No. 01-15-00510-CR, --- S.W.3d ---, 2022 WL 2839600 (Tex. App.—Houston [1st Dist.] July 21, 2022, no pet. h.), affirming appellant's conviction for the felony offense of aggravated robbery.

The Court has no jurisdiction to decide moot controversies or issue advisory opinions. *Ex parte Huera*, 582 S.W.3d 407, 410 (Tex. App.—Amarillo 2018, pet. ref'd). "In the case of habeas corpus applications, [appellate] courts have recognized that [w]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Id.* (second alteration in original) (internal quotations omitted); *see also Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (appellant's complaints about denial of application for writ of habeas corpus rendered moot by his subsequent conviction).

On July 26, 2022, the Clerk of this Court notified appellant that the Court may dismiss this appeal for lack of jurisdiction unless appellant filed a written response that demonstrated, with citation to the record, statutes, rules, and case law, that this Court has jurisdiction over the appeal. On August 16, 2022, appellant responded to the notice by letter.

The Court requests from appellee a letter response to appellant's August 16, 2022 letter regarding jurisdiction. The letter response must be filed **no later that 20 days from the date of this order**.

Judge's signature: ____/s/ Julie Countiss_____
                    ☑ Acting individually     ☐ Acting for the Court

Date: __August 18, 2022___