# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00412-CR

### Ex parte Eduardo Santander-Jaimes

**FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY**
**NO. 2110-335, THE HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Eduardo Santander-Jaimes was arrested for the felony offense of possession of more than 400 grams of heroin with intent to deliver, and his bond was set at $250,000. *See* Tex. Health & Safety Code §§ 481.102(2), .112(a), (f). After his arrest, Santander-Jaimes filed in cause number 2110-335 a pretrial application for writ of habeas corpus requesting that he be released on personal bond or that the amount of his bond be reduced. *See* Tex. Code Crim. Proc. art. 17.151, § 1(1). Following a hearing, the trial court granted relief by reducing Santander-Jaimes's bond to $150,000. Santander-Jaimes appealed the trial court's order, arguing that the trial court should have either lowered the bond even more or released him on personal bond. Approximately one month after filing his notice of appeal, Santander-Jaimes filed in cause number 2156-21 a subsequent application for writ of habeas corpus seeking to be released on bond or to have the amount of the bond further reduced. After reviewing the application, the trial court issued an order reducing the bond to $25,000. Following that ruling, Santander-Jaimes executed a bail bond for $25,000. Santander-Jaimes has filed a motion to dismiss this appeal, asserting that the appeal is moot. *See* Tex. R. App. P. 42.2. We agree.

"A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004). The mootness doctrine limits courts to deciding cases where an actual controversy exists between the parties. *See Ex parte Flores*, 130 S.W.3d 100, 104-05 (Tex. App.—El Paso 2003, pet. ref'd). "It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy." *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd). "[W]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet)).

As set out above, this appeal challenges the propriety of the trial court's order in cause number 2110-335. However, that order has been supplanted by the new order in cause number 2156-21, and the new order effectively granted the habeas relief Santander-Jaimes was seeking. *Cf. Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd) (explaining that "Habeas Corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings" and "should be docketed separately from the substantive cause and given a different cause number"). Any judgment from this Court regarding the order in cause number 2110-335 would have no practical legal effect on any controversy between the parties. *See Bennet*, 818 S.W.2d at 200. Accordingly, we conclude that this appeal is moot. *Cf. Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (determining

that appeal of order lowering bond amount was rendered moot by court's decision to further reduce bond and by appellant posting reduced bond amount).

For these reasons, we grant Santander-Jaimes's motion and dismiss this appeal as moot.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed as Moot

Filed:   September 15, 2022

Do Not Publish