

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00030-CR

_____

Ex parte Claudarius Buck

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 23-1255-462

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Claudarius Buck appeals from the trial court's denial of the relief requested in Buck's pretrial application for habeas corpus. In the application, Buck asserted that he had been arrested but not yet indicted for aggravated robbery, and his bail had been set at one million dollars. He sought release on his own recognizance or for his bail to be set at $1,000. After a hearing, the trial court denied relief. On appeal, Buck argues that there was no probable cause for his arrest and continued detention in the Denton County Jail and that the trial court abused its discretion by denying his request for bail reduction.

After Buck filed his brief in this appeal, the State filed a motion to dismiss the appeal on the basis that Buck was "no longer detained pursuant [to] the State aggravated robbery charges complained of in his original writ and [this] appeal." The State asserted that Buck had been released from Denton County Jail into the custody of a federal law enforcement agency. The State further asserted that the Denton County Police Department had indicated to the District Attorney's office that it would not be filing charges against Buck for the aggravated robbery offenses for which he had been detained. To support those assertions, the State attached to its motion, among other documents, (1) a letter from a Denton County Police detective stating that federal charges were being filed against Buck and that the department would not be filing state charges and (2) screenshots from Denton County's case

management system stating that on March 24, 2023, Buck had been released to another agency without prosecution on the aggravated robbery charges.

The State's certificate of conference notes that Buck opposes the dismissal motion, but Buck has not filed a response. A deputy clerk of this court contacted the Denton County Jail and confirmed that Buck is no longer in custody there.

"Habeas corpus proceedings are extraordinary remedies premised on equity; they are not premised on error correction, as are direct appeals." *Ex parte Armstrong*, No. 02-15-00180-CR, 2015 WL 5722821, at *3 (Tex. App.—Fort Worth Aug. 26, 2015, no pet.) (mem. op., not designated for publication) (citing *Ex Parte Parrott*, 396 S.W.3d 531, 534 n.6 (Tex. Crim. App. 2013). Further, "[t]he longstanding rule in Texas regarding habeas corpus is that 'whe[n] the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot.'" *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.— Houston [14th Dist.] 1991, no pet.). Buck's issues on appeal are moot because the restraint about which he complains in his habeas no longer exists. An opinion addressing the merits of his appellate arguments would be advisory. *See Ex Parte Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *3 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op., not designated for publication). Accordingly, we dismiss Buck's appeal as moot.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 25, 2023

4