**DISMISS and Opinion Filed February 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01158-CR**

**ROBERT ARTHUR MOSES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-81377-2015**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Kennedy
Opinion by Chief Justice Burns

Robert Arthur Moses appeals the trial court's order of November 3, 2023. This Court lacks jurisdiction over any of the provisions of the order. Accordingly, we dismiss this appeal for want of jurisdiction.

Appellant was arrested on February 26, 2015, and charged with murder. He was appointed counsel; on July 16, 2015, the trial court approved appellant's request to proceed pro se. On September 4, 2015, appellant filed a pro se pretrial application for writ of habeas corpus asserting he was not timely taken before a magistrate, he was not given the statutory warnings, and that a magistrate did not make a finding

whether appellant's arrest was lawful as required by article 15.17 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 15.17(a). On September 15, 2015, retained counsel appeared for appellant and represented him through the trial. The pro se application for writ of habeas corpus was not ruled on before the trial began. The record does not show that the pretrial application for writ of habeas corpus was ever set for a hearing before trial or that appellant or his counsel objected before trial to the court's failure to rule on the pretrial application. The jury trial took place from October 25, 2016, to November 3, 2016. The jury found appellant guilty of murder and assessed his punishment at life imprisonment. This Court affirmed appellant's conviction, and the Texas Court of Criminal Appeals refused appellant's petition for discretionary review. *See Moses v. State*, No. 05-16-01391-CR, 2018 WL 4042359 (Tex. App.—Dallas Aug. 23, 2018, pet. ref'd) (mem op.; not designated for publication). This Court's mandate affirming the trial court's judgment of conviction issued January 24, 2019.

Following his conviction, appellant began a series of pro se collateral attacks on his conviction, some of them arguing he was unlawfully detained after his arrest because he was not taken before a magistrate within forty-eight hours as required by article 15.17. *See Moses v. State*, No. 05-20-00756-CR, 2020 WL 5793139 (Tex. App.—Dallas Sept. 29, 2020, pet. ref'd) (mem op.).

On November 3, 2023, the trial court signed an order denying appellant's "Motion for Immediate Release, a Pretrial Application for Writ of Habeas Corpus

–2–

under article 11.08, Motion for Summary Judgment, Emergency Motion to Compel Ruling on article 11.08 Writ of Habeas Corpus and Motion for Summary Judgment, Motion for Leave to Proceed as a Veteran in the article 11.08 Habeas Proceedings, Motion for a Hearing on the article 11.08 Application for Writ of Habeas Corpus, an amended Article 11.08 Application for Writ of Habeas Corpus, [and] a nondescript Application for Writ of Habeas Corpus." Appellant filed a notice of appeal on November 17, 2023.

Concerning appellant's pretrial application for writ of habeas corpus under article 11.08, that application is now moot. *See Lopez v. State*, 672 S.W.3d 915, 926 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) ("where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot" (quoting *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.)); *Ex parte Underwood*, No. 11-22-00137-CR, 2022 WL 2349700, at *1 (Tex. App.—Eastland June 30, 2022, pet. ref'd) (mem op.; not designated for publication) (per curiam) ("an individual who has been finally convicted of a felony and sentenced to imprisonment may not seek habeas relief under Article 11.08; he must instead file an Article 11.07 writ application"). "[T]he purpose of article 15.17 'is to comply with constitutional and statutory requirements that an accused person be promptly and fully informed of the accusation against him, as well as his legal rights, including his *Miranda* rights and his right to reasonable bail.'" *Work v. State*, No. 03-18-00815-CR, 2020 WL

7776389, at *27 (Tex. App.—Austin Dec. 31, 2020, no pet.) (quoting *Sorto v. State*, 173 S.W.3d 469, 486 (Tex. Crim. App. 2005)). "This requirement is similar to the Fourth Amendment requirement that a person arrested without warrant be given a 'prompt' judicial determination of probable cause to permit further detention." *Sorto*, 173 S.W.3d at 486. Once appellant's trial began, and certainly following his conviction, concerns about appellant's continued *pretrial* detention and the State's failure to bring him timely before a magistrate following his arrest were moot. Even though the application for writ of habeas corpus was filed pretrial, the procedural posture is now postconviction, which makes the application one for postconviction relief, and "only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Accordingly, we lack jurisdiction to review the trial court's denial of appellant's application for writ of habeas corpus filed pretrial because the application is moot and because it now constitutes a postconviction habeas corpus proceeding.

The remainder of the trial court's order denying appellant's other motions and writ application is not subject to appeal before this Court. As we stated in one of appellant's other proceedings, "appellant's motions constitute a collateral attack on his final conviction and, therefore, fall under the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure."

–4–

*Moses v. State*, No. 05-19-01025-CR, 2019 WL 4635173, at *1 (Tex. App.—Dallas Sept. 24, 2019, no pet.) (mem op.; not designated for publication). Only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07; *Moses*, 2019 WL 4635173, at *1; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We [the Texas Court of Criminal Appeals] are the only court with jurisdiction in final post-conviction felony proceedings.").

This Court has no jurisdiction to review any provision in the trial court's order, and we dismiss the appeal for want of jurisdiction.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

231158F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT ARTHUR MOSES,
Appellant

No. 05-23-01158-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-81377-
2015.
Opinion delivered by Chief Justice
Burns. Justices Nowell and Kennedy
participating.


Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.


Judgment entered February 6, 2024