# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00413-CR

---

**Frederick Rubio, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. 2022 CR052, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Frederick Rubio appeals the denial of a pretrial application for writ of habeas corpus seeking a bond reduction. We will dismiss the appeal as moot.

### BACKGROUND

Rubio was charged with the offense of bail jumping and failure to appear. *See* Tex. Penal Code § 38.10. The trial court set bond at $35,000. Rubio filed a pretrial motion seeking a bond reduction. A hearing on the motion was held on June 18, 2024, and the trial court reduced the bond to $5,000. That same day, Rubio filed a pro se notice of appeal seeking to challenge the trial court's order ruling on his motion. Approximately ten days later, Rubio filed a pro se appellant's brief asserting that the trial court should have ordered that he be released on a personal bond. Almost two months later, a clerk's record was filed in this case, and the clerk's record confirms that on July 29, 2024, Rubio was convicted of the charged offense and sentenced to thirty-

five years' imprisonment. *See id.* § 12.42 (providing sentencing range for felony offense where defendant had previously been convicted of two other felony offenses).

## DISCUSSION

A defendant may file a pretrial writ of habeas corpus seeking bail reduction or release on personal recognizance bond. Tex. Code Crim. Proc. arts. 11.24, 17.151. However, "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotations omitted). An appeal from the denial of a pretrial writ of habeas corpus seeking bail reduction is rendered moot if the defendant is tried and convicted. *Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) (en banc) (per curiam); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992).

Since Rubio filed his application for a pretrial writ of habeas corpus seeking bail reduction, the trial court has rendered a judgment of conviction for bail jumping and failure to appear and sentenced him to thirty-five years in prison. Because Rubio has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal from the denial of his pretrial habeas application is moot. *See Ex parte Tucker*, 3 S.W.3d at 576; *Martinez*, 826 S.W.2d at 620.

## CONCLUSION

Rubio's appeal from the denial of his application for a pretrial writ of habeas corpus seeking a bond reduction is dismissed as moot.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed as Moot

Filed:   September 20, 2024

Do Not Publish