

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00584-CR
No. 04-25-00585-CR
No. 04-25-00586-CR

**EX PARTE** Rachel Maree **WHEATMAN**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2025CR009243, 2025CR009244 and 2025CR009241
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:  Rebeca C. Martinez, Chief Justice
     H. Todd McCray, Justice
     Velia J. Meza, Justice

Delivered and Filed: November 26, 2025

DISMISSED

Appellant Rachel Wheatman appeals from the denial of her pretrial applications for habeas corpus relief. Wheatman was charged with two counts of burglary of a habitation and one count of fraud. *See* TEX. PENAL CODE ANN. §§ 30.02(c)(2), 32.51. She requested release on personal recognizance or, in the alternative, a reduction of bail in all three of the underlying cases pursuant to article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 17.151, § 1(1). The trial court denied Wheatman's request for relief, and Wheatman appealed. One week later, Wheatman entered into a plea agreement with the State. In accordance with the plea agreement, the State dismissed the fraud count and one of the burglary counts in exchange for

Wheatman's plea of no contest to the remaining count of burglary. The trial court accepted Wheatman's plea, deferred adjudication of guilt, and placed her on community supervision for three years. This court ordered Wheatman to show cause why these appeals should not be dismissed as moot in light of the procedural dispositions of the underlying cases. Wheatman has not responded.

"[W]here the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State,* 818 S.W.2d 199, 200 (Tex. App. —Houston [14th Dist.] 1991, no pet.). Given the dismissals of two of the underlying cases and the trial court's order of community supervision in the remaining case, Wheatman is no longer subject to the pre-trial confinement from which she sought relief. Her appeals from the denial of habeas corpus relief are therefore moot. *See Martinez v. State,* 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *see also Bennett v. State*, No. 01-10-00790-CR, 2010 WL 4484393, at *1 (Tex. App.—Houston [1st Dist.] Nov. 9, 2010, no pet.) (mem. op., not designated for publication); *Ex parte Simpson*, No. 03-09-00192-CR, 2010 WL 2428075, at *1 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op., not designated for publication); *In re Williams*, No. 05-98-00259-CR, 1999 WL 23222, at *1 (Tex. App.—Dallas Jan. 22, 1999, no pet.) (not designated for publication); *Harris v. State*, No. C14-92-1332-CR, 1994 WL 151438, at *1 (Tex. App.—Houston [14th Dist.] Apr. 28, 1994, no pet.) (not designated for publication).

The appeals are dismissed.

PER CURIAM

DO NOT PUBLISH