# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-25-00888-CR
NO. 03-25-00889-CR

**Ex parte Joshua Deshun Lyda**

FROM THE 426TH DISTRICT COURT OF BELL COUNTY
NOS. 23DCR88378 & 23DCR88375
THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joshua Deshun Lyda was charged with the felony offenses of murder and evading arrest with a vehicle. *See* Tex. Penal Code §§ 19.02, 38.04(b)(2)(A). After his arrest, he filed a pretrial application for writ of habeas corpus seeking bond reductions. *See* Tex. Code Crim. Proc. arts. 1.09, 11.01, 17.151. The trial court denied the application, and he appealed that ruling to this Court. *See Ex parte Gill*, 413 S.W.3d 425, 426, 431 (Tex. Crim. App. 2013) (considering appeal of denial of habeas application seeking reduction in bail under article 17.151). After filing his appeal, he pleaded guilty to both charges after entering into plea agreements with the State. Consistent with the agreements, the trial court convicted him and sentenced him to fifty years' imprisonment for the murder offense and to ten years' imprisonment for the evading offense. *See* Tex. Penal Code §§ 12.32, .34.

"[T]he premise of a habeas corpus application" can be "destroyed by subsequent developments," which "render[s] moot" "the legal issues raised thereunder." *Bennet v. State*,

818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotations omitted). "Because Appellant has now been convicted, any issues concerning pretrial bond are moot." *See Ex parte Hodges*, No. 02-02-00429-CR, 2003 WL 21359331, at *1 (Tex. App.—Fort Worth June 12, 2003, no pet.) (mem. op., not designated for publication) (per curiam) (dismissing appeal of denial of habeas application seeking bond reduction after defendant pleaded guilty under plea agreement); *see also Rubio v. State*, No. 03-24-00413-CR, 2024 WL 4244572, at *1 (Tex. App.—Austin Sept. 20, 2024, no pet.) (mem. op., not designated for publication) (explaining that because defendant "has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal from the denial of his pretrial habeas application is moot"); *Bennet*, 818 S.W.2d at 200 (noting that "because appellant is now legally confined pursuant to a guilty verdict," appeal "regarding lowering bail is now moot").

Accordingly, we dismiss Lyda's appeals as moot.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed as Moot

Filed: January 2, 2026

Do Not Publish

2