

# NUMBERS 13-25-00514-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AURELIO ALVARADO-TORRES,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF REFUGIO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron**

Appellant Aurelio Alvarado-Torres was arrested and charged with several offenses, including engaging in organized criminal activity. Appellant filed a pretrial application for writ of habeas corpus asserting that, due to the State's delay, he was entitled to be released either on personal bond or by reducing the amount of bail required. *See* TEX. CODE CRIM. PROC. art. 17.151 § 1(1). The trial court denied the application on

October 14, 2025, and appellant filed a timely notice of appeal.

Appellant has since filed a motion to dismiss the appeal as moot because he is no longer subject to pretrial detention. Appellant has informed this Court that, pursuant to a plea agreement, he pleaded guilty to the organized criminal activity offense, the trial court sentenced him to time served, he was transferred to the custody of the United States Immigration and Customs Enforcement, and he was deported to Mexico, where he currently resides.

"The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *see also Ex parte Greenberg*, No. 01-24-00520-CR, 2025 WL 2773185, at *1 (Tex. App.—Houston [1st Dist.] Sept. 30, 2025, no pet.) (per curiam) (mem. op., not designated for publication). For instance, a pretrial application becomes moot when the appellant is convicted of the underlying offense and is no longer subject to pretrial confinement. *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *see also Ex parte Greenberg*, 2025 WL 2773185, at *1; *Ex parte Pete*, No. 01-22-00259-CR, 2022 WL 16985609, at *2 (Tex. App.—Houston [1st Dist.] Nov. 17, 2022, pet. ref'd) (mem. op., not designated for publication). Once an appeal becomes moot, we are generally required to dismiss it for want of jurisdiction. *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd) ("A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions."); *see also Ex parte Landry*, No. 05-22-00181-CR, 2022 WL 3584633, at *1 (Tex. App.—Dallas Aug. 22, 2022,

2

no pet.) (mem. op., not designated for publication) ("Subject to exceptions not applicable to the current case, when habeas proceedings become moot, pending appeals must be dismissed because appellate courts lack jurisdiction to decide moot controversies and issue advisory opinions.").

Because the case against appellant has been disposed of and he is no longer subject to pretrial detainment, we grant his motion to dismiss the appeal as moot. *See Martinez*, 826 S.W.2d at 620. The appeal is hereby dismissed for want of jurisdiction.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of February, 2026.