**Opinion issued May 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-25-00681-CR**
**NO. 01-25-00682-CR**
**NO. 01-25-00683-CR**

_____

**EX PARTE GIAMBI BOYD**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 100532-CR, 100541-CR, and 100542-CR**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's denial of a pretrial writ of habeas corpus. Our opinion issued on March 19, 2026. During the pendency of the State's subsequent motions for rehearing and en banc reconsideration, the State informed

this Court that the issues presented in these appeals have become moot by Giambi Boyd's trial and conviction in the underlying cases. We agree.

After considering the State's supplemental motion, we deny rehearing, but withdraw our March 19, 2026 opinion and vacate our judgment of that date in each cause.[1] We substitute this opinion and accompanying judgment in each cause. We dismiss the appeals as moot.

## Background

Boyd was indicted for aggravated assault with a deadly weapon and two offenses of murder.[2] He filed an application in the trial court for a writ of habeas corpus, seeking to reduce his pretrial bail. Boyd argued that he was entitled to his requested relief because the State had failed to show that it was ready for trial within 90 days after his detention began, as required by Texas Code of Criminal Procedure article 17.151.[3] The trial court denied habeas relief. And Boyd appealed.[4]

---

[1]     The State's motion for en banc reconsideration is dismissed as moot. *See Ex parte Baker*, No. 01-22-00065-CR, 2023 WL 3311125, at *1 n.1 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op., not designated for publication); *see also In re Wagner*, 560 S.W.3d 311, 312 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding [mand. denied]) ("Because we issue a new opinion in connection with the denial of rehearing, the motion for en banc reconsideration is rendered moot.").

[2]     Trial court case number 100532-CR is appellate cause number 01-25-00681-CR. Trial court case number 100541-CR is appellate cause number 01-25-00682-CR. Trial court case number 100542-CR is appellate cause number 01-25-00683-CR.

[3]     *See* TEX. CODE CRIM. PROC. art. 17.151.

[4]     *See* TEX. R. APP. P. 31.

On appeal, we held that the State failed to demonstrate that it complied with its mandatory burden under article 17.151 to show readiness for trial. *See Ex Parte Boyd*, No. 01-25-00681-CR, 2026 WL 771065, at *1 (Tex. App.—Houston [1st Dist.] Mar. 19, 2026, no pet. h.) (mem. op., not designated for publication). And we remanded for the trial court to set pretrial bail in accordance with the statute. *Id.*

Subsequently, the State filed motions for rehearing and for en banc reconsideration. During their pendency, the State notified this Court that Boyd has now been "tried on both murder charges, convicted of the lesser included offense of aggravated robbery, and sentenced to 22 years in each case." The State filed certified copies of the judgments.[5] And it argues that Boyd's "habeas issues have become moot." The State notes that the aggravated-assault charge "is still outstanding." But it argues that Boyd is no longer entitled to pretrial bail because he is "now serving a sentence of imprisonment for another offense."

**Law and Analysis**

Courts lack subject-matter jurisdiction to decide moot controversies. *See State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 480 (Tex. Crim. App. 1985). If a case

---

[5] Boyd was originally indicted for aggravated assault in trial court case number 100532-CR and for murder in case numbers 100541-CR and 100542-CR. He was subsequently reindicted in the murders and convicted of the lesser-included aggravated robbery in case numbers 105337-CR and 105338-CR. The State then dismissed case numbers 100541-CR and 100542-CR. As discussed below, trial court case number 100532-CR remains pending in the trial court.

becomes moot, it must be dismissed. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014).

A case becomes moot if events during its pendency make it impossible for a court to grant the requested relief or to otherwise affect the parties' rights or interests. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004). When "the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *State v. Golding*, 398 S.W.3d 745, 747 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (internal quotations omitted); *see Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (appeal of denial of pretrial habeas application rendered moot by appellant's subsequent conviction for underlying robbery).

Here, the premise of Boyd's habeas application—his request for reduced pretrial bail—has been "destroyed by subsequent developments." *See Bennet*, 818 S.W.2d at 200. Because Boyd has now been tried and convicted in the underlying murder cases, the issue of pretrial bail with respect to those offenses is moot. *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (dismissing as moot challenge to ruling on pretrial bail issue where applicant was convicted in underlying case and no longer subject to pretrial confinement); *Ex Parte Green*, No.

01-26-00204-CR, 2026 WL 994644, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2026, no pet. h.) (mem. op., not designated for publication) ("[B]ecause appellant has been convicted of the underlying offense and is no longer subject to pretrial confinement, his appeal is moot.").

Although Boyd's aggravated-assault offense remains outstanding, there is no action that this Court can now take *with respect to pretrial bail* that will be of any practical effect—as Boyd is now serving a sentence of 22 years in the related cases. *See Bennet*, 818 S.W.2d at 200 ("[B]ecause appellant is now legally confined pursuant to a guilty verdict in the underlying robbery case . . . [t]here is no action this court can now make regarding the trial court's decision on the amount of bail that will cause any effect.").[6]

---

[6]  *See, e.g., Ex parte Bell*, No. 01-22-00473-CR, 2022 WL 17419582, at *5 (Tex. App.—Houston [1st Dist.] Dec. 6, 2022, no pet.) (mem. op., not designated for publication); *Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

## Conclusion

We dismiss Boyd's appeal in each cause number as moot.  We dismiss any other pending motions as moot.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).